IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT CARTER, JR., # 107266, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:11cv932-TMH |
| | ) (WO) |
| CHERYL PRICE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

The respondents have filed an answer (Doc. No. 20) in which they argue that the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Albert Carter, Jr. ("Carter"), on April 22, 2011, is barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1) (setting forth one-year limitation period). The respondents contend that because the state conviction Carter challenges became final in 2005 – after the April 1996 enactment of the statute of limitations – Carter must have filed any federal habeas petition within one year of the conviction's becoming final, exclusive of the time any properly filed state post-conviction petition related to the conviction was pending in the state courts. The respondents acknowledge that Carter challenged his conviction by a post-conviction petition filed in the trial court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. However, the respondents maintain that, even allowing a tolling of the limitation period during the pendency of state-court proceedings on Carter's Rule 32 petition, the one-year federal limitation period expired well

before Carter filed the instant federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001). The respondents therefore maintain that Carter's petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

Title 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exhibits submitted by the respondents indicate that Carter was convicted of attempted murder in the Pike County Circuit Court on November 16, 2004. On that same date, the trial

court sentenced Carter, as a habitual felony offender, to 99 years in prison. On September 23, 2005, on direct appeal, Carter's conviction was affirmed by the Alabama Court of Criminal Appeals. (Exhibit A.) Carter did not file an application for rehearing or seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment in his case on October 12, 2005. (Exhibit B.)

Approximately five months later, on March 6, 2006, Carter filed a Rule 32 petition in the trial court challenging his attempted-murder conviction, thereby tolling the limitation period for filing a § 2254 petition. At that time, the one-year limitation period for filing a § 2254 petition had run for **164 days**. The trial court denied Carter's Rule 32 petition on December 13, 2006. Carter appealed, and on April 27, 2007, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. (Exhibit C.) After unsuccessfully applying for rehearing with the Alabama Court of Criminal Appeals, Carter petitioned the Alabama Supreme Court for certiorari review, which that court denied on July 13, 2007. (Exhibit D.) That same day, a certificate of judgment was issued in the case. (Exhibit E.)

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Carter's Rule 32 petition was pending in the state courts March 6, 2006, until July 13, 2007. On July 13, 2007, Carter had **201 (365 - 164) days** remaining within which to file a timely federal habeas petition. The limitation period began to run again for Carter on July

13, 2007, and ran unabated before expiring 201 days later, on **January 30, 2008.**

As noted above, Carter did not file his federal petition until April 22, 2011 – more than three years after the limitation period had expired. Because it therefore appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Carter filed the instant petition, it is

**ORDERED that on or before December 28, 2011,** Carter shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 7th day of December, 2011.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE