IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALBERT CARTER, JR., # 107266, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv932-TMH |
| | ) | (WO) |
| CHERYL PRICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 filed by Alabama inmate Albert Carter, Jr. ("Carter"), on April

22, 2011.[1]  In this petition, Carter presents claims challenging the constitutionality of his

2004 conviction in the Pike County Circuit Court for the offense of attempted murder.  After

a jury trial, Carter was found guilty of attempted murder on November 16, 2004.  On that

same date, the trial court sentenced Carter, as a habitual felony offender, to 99 years in

prison.  The Alabama Court of Criminal Appeals affirmed his conviction on September 23,

2005.  Carter did not file an application for rehearing in the Alabama Court of Criminal

Appeals or seek certiorari review in the Alabama Supreme Court.  Because Carter did not file

a petition for a writ of certiorari in the Alabama Supreme Court, his conviction became final

---

[1] Carter represents that he placed his petition in the mail on April 22, 2011.  *See* Doc. No. 1 at 20.  This court deems that date to be the date of filing.  Carter filed the petition in the United States District Court for the Northern District of Alabama.  On October 14, 2011, that court transferred the petition to this court, finding this court to be the proper venue for Carter to attack his conviction in Pike County, Alabama, which is in the Middle District of Alabama.  *See* Doc. Nos. 9 & 10.

by operation of law when the Alabama Court of Criminal Appeals issued the certificate of judgment on October 12, 2005.

Pursuant to the orders of this court, the respondents have filed an answer (Doc. No. 20) in which they argue that Carter's petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d).[2]  On December 7, 2011 (Doc. No. 21), this court ordered Carter to show cause why his petition should not be dismissed for his failure to file within the applicable one-year limitation period. Although Carter filed a response to this court's order, his response contains little argument directed to the timeliness of his motion; for the most part, his arguments concern the propriety of his conviction and present allegations of ineffective assistance of counsel also presented in his petition.[3]  *See* Doc. No. 22.  Carter does, however, appear to suggest that his limited access to a law library while incarcerated impeded his ability to file a timely habeas petition. *Id*. at 2.  Upon review of the pleadings and evidentiary materials filed in this case and the applicable law, the court concludes that no evidentiary hearing is required and that Carter's

---

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Act became effective on April 24, 1996.

[3] In his response, Carter also makes repeated references to statutory law and case law standing for the proposition that a petitioner must be in custody pursuant to a judgment of a state court for a federal district court to have jurisdiction to hear the petitioner's § 2254 petition. *See* Doc. No. 22 at 1, 3-4.  Although the import of Carter's references to this jurisdictional requirement is not entirely clear, suffice it to say that Carter was "in custody pursuant to the judgment of a State Court," as required by 28 U.S.C. § 2254(a), when he filed his habeas petition on April 22, 2011.  Carter was sentenced to 99 years' imprisonment for attempted murder on November 16, 2004, and that sentence had clearly not been fully served when Carter filed his petition.

federal habeas petition is due to be denied as untimely.

## DISCUSSION

Carter's federal habeas petition was filed on April 22, 2011, and is precluded from review because Carter filed this petition outside the applicable one-year period of limitation. Title 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Section 2244(d)(1)(A) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a

challenged judgment expires.  *See* 28 U.S.C, § 2244(d)(1)(A).

Carter was convicted of attempted murder in the Pike County Circuit Court on November 16, 2004.  He was sentenced on that same date to 99 years in prison.  Carter filed a direct appeal with the Alabama Court of Criminal Appeals, which affirmed his conviction on September 23, 2005.  Because Carter did not seek rehearing in the Alabama Court of Criminal Appeals or file a petition for a writ of certiorari in the Alabama Supreme Court, the Alabama Court of Criminal Appeals issued the certificate of judgment on October 12, 2005. Carter did not further appeal his conviction.

By operation of law, Carter's attempted-murder conviction became final on October 12, 2005 – the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment.[4]  The one-year limitation period contained in § 2244(d) began to run when Carter's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  Absent statutory or equitable tolling, the federal limitation period expired on October 12, 2006.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Because Carter's conviction became final in 2005, he was required to file his § 2254 petition within one year after his conviction became final, exclusive of the time that any

---

[4] Carter's conviction became final upon expiration of the time for filing an application of rehearing with the Alabama Court of Criminal Appeals – 14 days after that court issued its opinion affirming his conviction.  *See* Ala.R.App.P. 40(c).

properly filed state post-conviction petition related to the conviction remained pending in state court.  The respondents acknowledge that Carter challenged his attempted-murder conviction by a post-conviction petition filed in the trial court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  However, the respondents maintain that, even allowing a tolling of the limitation period during the pendency of state-court proceedings on Carter's Rule 32 petition, the one-year federal limitation period expired well before Carter filed the instant federal habeas petition.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Section 2244(d) contains a stop-start provision requiring the court to consider any time during which no state action is pending.  Carter filed the Rule 32 petition challenging his attempted-murder conviction in state court on March 6, 2006, which, pursuant to § 2244(d)(2), tolled the limitation period for filing a § 2254 petition.  At that time, the one-year limitation period for filing a § 2254 petition had run for 145 days (from October 12, 2005, to March 6, 2006) .  The trial court denied Carter's Rule 32 petition on December 13, 2006.  Carter appealed, and on April 20, 2007, the Alabama Court of Criminal Appeals affirmed the trial court's judgment.  After unsuccessfully applying for rehearing with the Alabama Court of Criminal Appeals, Carter petitioned the Alabama Supreme Court for

certiorari review, which that court denied on July 13, 2007.  That same day, a certificate of judgment was issued in the case.

Carter's  Rule 32 petition was pending in the state courts from March 6, 2006, until July 13, 2007.  On July 13, 2007, Carter had 220 (365 - 145) days remaining within which to file a timely federal habeas petition.  The limitation period began to run again for Carter on July 13, 2007, and because he filed no further applications for state post-conviction review, the limitation period ran unabated before expiring 220 days later, on February 18, 2008.[5]  As noted above, Carter did not file his federal petition until April 22, 2011 – more than three years after the limitation period expired.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See also Rich v. Dep't of Corr. State of Fla*., 317 Fed. App'x 881, 882 (11th Cir. 2008); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  Equitable tolling applies only in truly extraordinary circumstances.  *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr*., 297 F.3d 1278, 1286 (11th

---

[5] The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Carter.  There is no evidence that any unconstitutional or illegal State action impeded Carter from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  Carter also does not present a claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Carter does not submit any grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests

with the petitioner."  *Drew*, 297 F.3d at 1286.  *See also San Martin v. McNeil*, 633 F.3d

1257, 1268 (11th Cir. 2011); *Rich*, 317 Fed. App'x at 882; *Helton v. Sec'y for the Dept. of

Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001).  The United States Supreme Court recently

confirmed that the AEDPA's one-year limitation period "is subject to equitable tolling," but

only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*

*v. Fla.*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2563 (2010).  *See also Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005).

      In his response to this court's show-cause order, Carter appears to suggest, very

cursorily, that his ability to file a timely habeas petition was impeded by his limited access

to the prison law library.  *See* Doc. No. 22 at 2.  In this regard, he asserts that he "only [had]

access to the law library one day a week" and that this limited access "present[ed] a hardship

for me to properly present my issues before this court."  *Id*.  It is not clear if Carter is

contending that limited access to the law library actually delayed his filing of his § 2254

petition, or if instead he is contending that the limited access impeded his research of claims

and his ability properly to set out his claims in his petition.  In any event, cursory assertions

regarding the inadequacy of, or lack of access to, the prison law library are insufficient to

warrant equitable tolling of the statute of limitations.  *See Akins v. United States*, 204 F.3d

1086, 1090 (11th Cir. 2000)*; Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  To show

diligence, a petitioner claiming deficiencies in, or lack of access to, the prison law library must provide details of the specific actions taken toward filing the petition. *Helton*, 259 F.3d at 1314.  Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in, or lack of access to, the law library is insufficient. *Id*.

There is nothing before this court that demonstrates the presence of "extraordinary circumstances" and the exercise of due diligence by Carter to warrant equitable tolling of the limitation period.  Carter's mere conclusory assertions are simply insufficient to establish a connection between his untimely filing and his alleged limited access to the prison law library.  Consequently, the court concludes that Carter is not entitled to equitable tolling of the limitation period.

Under the circumstances of this case, the one-year limitation period contained in § 2244(d) expired on February 18, 2008, more than three years before Carter filed his federal habeas petition.  Because Carter did not file his § 2254 petition until April 22, 2011, his petition is time-barred and this court may not address the merits.  The court further concludes that Carter has failed to show cause why his petition should not be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation **on or before March 5, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of February, 2014.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE